UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ROBERT ERRATO,
    *Plaintiff*,

v.

AMERICAN EXPRESS COMPANY,
LINKEDIN CORPORATION, GOOGLE,
LLC, and DAVID WHITTAKER
    *Defendants*.

No. 3:18-cv-1634 (VAB)

**RULING AND ORDER ON MOTION TO DISMISS**

Robert Errato ("Plaintiff" or "Mr. Errato") has sued American Express Company ("American Express"), LinkedIn Corporation ("LinkedIn"), Google, LLC ("Google"), and David Whitaker (collectively "Defendants"), alleging multiple state law causes of action arising from $600,000 in charges that allegedly were placed on his credit card account.[1] Compl., ECF No. 1-1 (Sept. 28, 2018); Am. Compl., ECF No. 31 (Nov. 13, 2018) ("Am. Compl.").

Following the conclusion of the arbitration between Mr. Errato and American Express and joint stipulation of dismissal, with prejudice, of Mr. Errato's claims against American Express, *see* Joint Stip. for Dismissal of Compl. as to Def., American Express Company, ECF No. 69 (June 21, 2021), Mr. Errato moved to reopen the case and lift the stay of proceedings as to the remaining Defendants, *see* Mot. to Reopen and Lift Stay of Proceedings, ECF No. 70

---

[1] On September 28, 2018, American Express removed Mr. Errato's action to this Court under 28 U.S.C. §§ 1332, 1441, and 1446. *See* Notice of Removal, ECF No. 1 (Sept. 28, 2018). This Court has original subject matter jurisdiction over the action, as there is complete diversity of citizenship between Mr. Errato and Defendants and the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs. *Id.*

1

(June 25, 2021) ("Mot. to Reopen"). The Court thereafter granted Mr. Errato's motion. *See* Order, ECF No. 91 (March 11, 2022).

Mr. Whitaker then filed a motion for judgment on the pleadings and to dismiss with prejudice all claims raised against him by Mr. Errato. *See* Def. David Whitaker's Mot. for J. on the Pleadings , ECF No. 80 (Aug. 12, 2021); Def. David Whitaker's Mem. in Supp. of Mot. for J. on the Pleadings , ECF No. 80-1 (Aug. 12, 2021) ("Mot. for J. on the Pleadings").

Additionally, LinkedIn renewed its previously filed motion to dismiss all claims asserted against it by Mr. Errato. *See* LinkedIn Corp.'s Renewed Mot. to Dismiss [ECF No. 39], ECF No. 81 (Aug. 13, 2021).

The Court then granted Mr. Whitaker and LinkedIn's motions. *See* Order, ECF No. 92 (March 11, 2022).

Google renewed its previously filed motion to dismiss all claims asserted against it by Mr. Errato. *See* Google, LLC's Mot. to Dismiss [ECF No. 40], ECF No. 93 (Mar. 18, 2022).

Mr. Errato renewed his previously filed objection to Google's motion to dismiss. *See* Robert Errato's Renewed Obj. to Mot. to Dismiss Filed by Google, LLC., ECF No. 94 (April 08, 2022).

For the following reasons, the Court **GRANTS** Google's motion to dismiss.

Mr. Errato's claims against Google—Counts Eight, Nine, and Twelve—are dismissed with prejudice.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. Factual Allegations

Mr. Errato allegedly is a holder of an American Express Platinum Card "bearing account number ending in 6005." Am. Compl. ¶ 9. In addition, he allegedly holds an American Express Business Gold Card bearing account number ending in 5005, an American Express Business Gold Card ending in 6003, an American Express Platinum Card ending in 7001 and/or 7003, and another American Express Platinum Card ending in 8001. *Id.* at 2–3, ¶¶ 10–13.

Mr. Errato alleges that, beginning in September 2014 and continuing through 2016, more than $600,000 in "unauthorized and/or fraudulent charges" were made to his American Express cards by ISODOC, Inc. doing business as ISO Developers or by its principals, agents, or employees. *Id.* at 3, ¶ 15.

Mr. Errato alleges that he properly disputed the charges "pursuant to the terms of the Cardmember Agreements" with American Express and that American Express carried out an investigation. *Id.* at 3, ¶¶ 16–17. The investigation into the disputed charges allegedly revealed that "the principal of ISODOC, [Mr. Whitaker], was a convicted felon who was convicted for crimes pertaining to fraud and other crimes involving moral turpitude." *Id.* at 3, ¶ 17.

Mr. Errato alleges that the investigation also revealed that "ISODOC and/or Mr. Whitaker charged $41,000.00 to Google AdWords," which he had neither authorized nor personally communicated to Google. *Id.* at 3–4, ¶ 17.

According to Mr. Errato, when American Express investigated the Google AdWords charge, Google presented it with "documentation stating that [Mr. Errato] was 'Project Manager' of ISO Developers, as well as a LinkedIn profile listing [Mr. Errato] as 'Project Manager ISO

3

Developers.'" *Id.* American Express then allegedly claimed that Google's information substantiated that the charges were authorized. *Id.*

Mr. Errato alleges that Google's information was false, and that he was not, and is not, affiliated with ISO Developers. *Id.* He alleges that he "was never employed by [ISO Developers], has never set up a LinkedIn [a]ccount, and was not aware that any LinkedIn [a]ccount in his name had ever been created." *Id.*

He alleges that upon learning of the LinkedIn profile, he "immediately notified LinkedIn of the presence of [the allegedly] false profile." *Id.* at 11, ¶ 20. LinkedIn allegedly "refused to delete the false profile and/or to notify Google and/or American Express that [the] profile should not be relied up as truthful or accurate." *Id.* at 11, ¶ 21.

Mr. Errato alleges that "[h]undreds of [t]housands of [a]dditional unauthorized charges for personal purchases such as clothing, event tickets, gym memberships, advertising [] services, computers, and technology equipment were all fraudulently charged to [his] two [American Express] accounts by ISODOC, David Whitaker and/or its principals or employees," for which Mr. Errato "never received any product or benefit." *Id.* at 4, ¶ 17.

According to Mr. Errato, Mr. Whitaker represented to American Express "that such charges were legitimate and authorized by [Mr. Errato]" in order to "induce American Express to honor the charges . . . ." *Id.* at 7–8, ¶ 21.

4

### B. Procedural Background

The Court assumes familiarity with the early procedural background of this case. *See* Ruling and Order on Mot. to Compel Arbitration and Stay All Proceedings, ECF No. 68 (Aug. 23, 2019).

On June 21, 2021, Mr. Errato and American Express filed a joint stipulation of dismissal, with prejudice, of the Complaint against American Express. *See* Joint Stip. for Dismissal of Compl. as to Def., American Express Company, ECF No. 69 (June 21, 2021). The joint stipulation states that Mr. Errato and American Express have concluded their arbitration and resolved all issues between the two parties. *Id.*

On June 25, 2021, Mr. Errato filed a motion to reopen the case and lift the stay of proceedings as to the remaining Defendants. *See* Mot. to Reopen.

On August 12, 2021, Mr. Whitaker filed a motion for judgment on the pleadings. *See* Mot. for J. on the Pleadings.

On August 13, 2021, LinkedIn renewed its previously filed motion to dismiss all claims asserted against LinkedIn. *See* LinkedIn Corp.'s Renewed Mot. to Dismiss [ECF No. 39], ECF No. 81 (Aug. 13, 2021); *see also* LinkedIn Corp.'s Mot. to Dismiss, ECF No. 39 (Dec. 7, 2018); LinkedIn Corp.'s Mem. of Law in Supp. of Mot. to Dismiss, ECF No. 39-1 (Dec. 7, 2018) ("Mot. to Dismiss").

On September 2, 2021, Mr. Errato filed an objection to Mr. Whitaker's motion for judgment on the pleadings. *See* Obj. to Mot. for J. on the Pleadings, ECF No. 82 (Sept. 2, 2021); Mem. in Supp. of Obj. to Mot. for J. on the Pleadings, ECF No. 83 (Sept. 2, 2021) ("Opp'n to Mot. for J. on the Pleadings").

On September 3, 2021, Mr. Errato filed a renewed objection to LinkedIn's renewed motion to dismiss. *See* Robert Errato's Renewed Obj. to Mot. to Dismiss Filed by LinkedIn Corp., ECF No. 84 (Sept. 3, 2021); *see also* Pl.'s Resp. and Obj. to Mot. to Dismiss Filed by Def. LinkedIn Corp., ECF No. 54 (Jan. 11, 2019); Mem. of Law in Supp. of Pl.'s Resp. and Obj. to Mot. to Dismiss Filed by Def. LinkedIn Corp., ECF No. 55 (Jan. 11, 2019) ("Opp'n to Mot. to Dismiss").

On March 11, 2022, the Court granted Mr. Errato's motion to reopen the case and lift the stay of proceedings as to the remaining defendants. *See* Order, ECF No. 91 (March 11, 2022).

On March 11, 2022, the Court granted Mr. Whitaker's motion for judgment on pleadings and LinkedIn's motion to dismiss. *See* Order, ECF No. 92 (March 11, 2022).

On March 18, 2022, Google renewed its previously filed motion to dismiss all claims asserted against Google. *See* Google, LLC.'s Renewed Mot. to Dismiss [ECF No. 40], ECF No. 93 (Mar. 18, 2022); *see also* Google, LLC.'s Mot. to Dismiss, ECF No. 40 (Dec. 7, 2018); Google, LLC.'s Mem. of Law in Supp. of Mot. to Dismiss, ECF No. 40-1 (Dec. 7, 2018) ("Mot. to Dismiss").

On March 18, 2022, Google renewed its previously filed motion to dismiss all claims asserted against Google. *See* Google, LLC's Mot. to Dismiss [ECF No. 40], ECF No. 93 (Mar. 18, 2022).

On April 08, 2022, Mr. Errato filed a renewed objection to Google's renewed motion to dismiss. *See* Robert Errato's Renewed Obj. to Mot. to Dismiss Filed by Google, LLC., ECF No. 94 (April 08, 2022); *see also* Pl.'s Resp. and Obj. to Mot. to Dismiss Filed by Def. Google, LLC., ECF No. 52 (Jan. 11, 2019); Mem. of Law in Supp. of Pl.'s Resp. and Obj. to Mot. to

6

Dismiss Filed by Def. Google, LLC., ECF No. 53 (Jan. 11, 2019) ("Opp'n to Mot. to Dismiss").

On December 14, 2022, the Court held a hearing on Google's renewed motion to dismiss. *See* Min. Entry, ECF No. 99 (Dec. 14, 2022).

## II. STANDARD OF REVIEW

To survive a motion to dismiss under 12(b)(6), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Any claim that fails "to state a claim upon which relief can be granted" will be dismissed. Fed. R. Civ. P. 12(b)(6). In reviewing a complaint under Rule 12(b)(6), a court applies a "plausibility standard" guided by "two working principles." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

First, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (internal citations omitted)). Second, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679. Thus, the complaint must contain "factual amplification . . . to render a claim plausible." *Arista Records LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010) (quoting *Turkmen v. Ashcroft*, 589 F.3d 542, 546 (2d Cir. 2009)).

When reviewing a complaint under Federal Rule of Civil Procedure 12(b)(6), the court takes all factual allegations in the complaint as true. *Iqbal*, 556 U.S. at 678. The court also views the allegations in the light most favorable to the plaintiff and draws all inferences in the

plaintiff's favor. *Cohen v. S.A.C. Trading Corp.*, 711 F.3d 353, 359 (2d Cir. 2013); *see also York v. Ass'n of the Bar of N.Y.*, 286 F.3d 122, 125 (2d Cir. 2002) ("On a motion to dismiss for failure to state a claim, we construe the complaint in the light most favorable to the plaintiff, accepting the complaint's allegations as true.").

A court considering a motion to dismiss under Rule 12(b)(6) generally limits its review "to the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007). A court may also consider "matters of which judicial notice may be taken" and "documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993); *Patrowicz v. Transamerica HomeFirst, Inc.*, 359 F. Supp. 2d 140, 144 (D. Conn. 2005).

A plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level" and assert a cause of action with enough heft to show entitlement to relief and "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570. A claim is facially plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Although the Federal Rules of Civil Procedure do not require "detailed factual allegations," a complaint must offer more than "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *Twombly*, 550 U.S. at 555–57. Plausibility at the pleading stage is nonetheless

distinct from probability, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the claim] is improbable, and . . . recovery is very remote and unlikely." *Id*. at 556 (internal quotation marks omitted).

### III. DISCUSSION

Mr. Errato's Complaint can be plausibly read as alleging three claims against Google: (1) a breach of duty claim, Count 8; (2) a fraud claim, Count 9; and (3) a claim under the Connecticut Unfair Trade Practices Act ("CUTPA").

The Court will address each claim in turn.

#### A. The Breach of Duty Claim

"Under Connecticut negligence law, a legal duty requires that (1) an ordinary person in the defendant's position, knowing what the defendant knew or should have known, would anticipate that harm of the general nature of that suffered was likely to result," and (2) a determination by the court on the basis of a public policy analysis, of whether the defendant's responsibility for its negligent conduct should extend to the particular consequences." *Munn v. Hotchkiss School,* 795 F. 3d 324 (2d Cir. 2015) (citing *Sic v. Nunan*, 307 Conn. 399, 407–08 (2012) (internal quotation marks omitted)). "The existence of a duty is a question of law and o]nly if such a duty is found to exist does the trier of fact then determine whether the defendant violated that duty in the particular situation at hand." *Petriello v. Kalman*, 215 Conn. 377, 382-83 (1990)(quoting *Shore v. Stonington*, 187 Conn. 147, 151-52 (1982))(alteration in original). The threshold issue then is whether Google owed any duty to Mr. Errato, and if so, what was that duty.

Mr. Errato alleges that Google "owed a duty of reasonable care to the plaintiff in its decision to accept charges for advertising services or products, and in its investigation of claimed unauthorized charges for its advertising services or products." Am. Compl. ¶ 19.

Google argues that Mr. Errato has failed to allege any "facts that could give rise to a duty of care under either [the foreseeability test or the public policy analysis] though he must show both." Mot. to Dismiss at 5.

In response, Mr. Errato argues that David Whitaker charged $41,000 to Google AdWords from his Amex account, Google sought payment from Amex for these charges, claiming that Mr. Errato had authorized the charges, and then refused to reverse these charges once Mr. Errato disputed having made them. Mr. Errato argues that Google demonstrated "negligence, inter alia, by virtue of Google's failure to exercise reasonable care when the $41,000.00 of fraudulent purchases of Google AdWords was brought to Google's attention, under circumstances where it owed a duty to the [Mr. Errato]." Opp'n to Mot. to Dismiss at 3. In other words, in Mr. Errato's view, Google knew about David Whitaker, who allegedly had made the bogus charges on Mr. Errato's Amex card, but failed to undertake its legal duty to tell Mr. Errato or Amex about him, or take steps to prevent Mr. Whitaker's allegedly fraudulent actions against Mr. Errato.

The Court disagrees.

Even if, as Mr. Errato essentially alleges, Google should have foreseen the harm to come because of Mr. Whitaker's alleged history of fraud with Google itself, "not all injuries that are foreseeable give rise to a legal duty." *Ryan Transportation, Inc. v. M & G Associates*, 266 Conn. 520, 528 (2003). Indeed, "the conclusion that a particular injury to a particular plaintiff or class of plaintiffs possibly is foreseeable does not, in itself, create a duty of care." *Id.* (citations and

10

internal quotation marks omitted). And "when a duty is not found to exist under the public policy prong of the test, there is no need to perform an analysis under the foreseeability prong." *Id.* (citation omitted). That is the case here.

Under the public policy analysis, "there generally is no duty that obligates one party to aid or to protect another party." *Id.* at 526 (citing 2 Restatement (Second) of Torts Section 314, p. 116 (1965)). The "general rule" has an exception: "when a definite relationship between the parties is of such a character that public policy justifies the imposition of a duty to aid or to protect another." *Id.* Such a "definite relationship" exists where "the ability of one of the parties to provide for his own protection has been limited in some way by his submission to the control of the other [and thus] a duty should be imposed upon the one possessing control (and thus the power to act) to take reasonable precautions to protect the other . . . ." *Id.* (citations and internal quotation marks omitted).

There is nothing in the caselaw, however, to suggest that a "definite relationship" existed or exists between Google and Mr. Errato. *Cf. id.* at 528 ("In the present case, the plaintiff does not allege any relationship with Auto Lock beyond that of their commercial cotenancy."); *see generally Murdock v. Croughwell*, 268 Conn. 559, 567-573 (delineating the various circumstances under Restatement (Second) of Torts where such special relationships have given rise to a duty); *see also Philadelphia Indemnity Ins. Co. v. Amazon.com, Inc.* 425 F.Supp.3d 158, 164-65 (E.D.NY. 2019) (finding that "Amazon did not owe Plaintiff (or Mr. Kim, the actual purchaser of the blender) a duty with respect to the allegedly defective blender" for failing to "conduct[ ] a credit check or securing evidence of insurance and allowing Glantop to list an allegedly defective blender on Amazon's website."); *Travelers Cas. and Sur. Co. v. Citibank*

11

*(South Dakota)*, No. 8:03-CV-2548-T-23 (TGW), 2007 WL 2875460 at *3 (M.D. Fla. Sept. 28, 2007) ("No court has ever extended the duty of inquiry to a situation such as this where a bank receives a check in payment for a credit card account." citation and internal quotation marks omitted)). As a result, in the absence of a general duty imposed on Google to "aid or to protect" Mr. Errato, and a "definite relationship" requiring an exception to that general rule, Mr. Errato fails to allege a plausible claim against Google for a breach of the duty of care. *Ryan Transportation, Inc.*, 266 Conn at 528 ("[W]hen a definite relationship between the parties is of such a character that public policy justifies the imposition of a duty to aid or to protect another.") (internal citations omitted).

Accordingly, this duty of care claim, Count 8 of the Amended Complaint, will be dismissed.

**B.  The Fraud Claim**

Under Connecticut tort law, common law fraud constitutes the following: "(1) a false representation was made as a statement of fact; (2) it was untrue and known to be untrue by the party making it; (3) it was made to induce the other party to act upon it; and (4) the other party did so act upon that false representation to his injury." *Ensign Yachts, Inc. v. Arrigoni*, 567 Fed. Appx. 32, 33 (2d Cir. 2014). "The party to whom the false representation was made must claim to have relied on that representation and to have suffered harm as a result of the reliance." *Id.*

"The elements of a civil action for conspiracy are (1) a combination between two or more people, (2) to do an unlawful act or a lawful act by unlawful means, (3) an act done by one or more of the conspirators pursuant to the scheme and in furtherance of the object, (4) which act results in damage to the plaintiff." *Harp v. King*, 266 Conn. 747, 779 (2003).

12

Under Rule 9(b) of the Federal Rules of Civil Procedure, a claim for fraud must "specify the time, place, speaker, and content of the alleged misrepresentations." *Four Seasons Solar Products Corp. v. Southwall Technologies Inc.*, 100 Fed. Appx. 12 (2d Cir. 2004).

Mr. Errato alleges that "Google, LLC participated in the perpetration of a fraud against the plaintiff, by virtue of a civil conspiracy with the defendant, David Whitaker and/or American Express and/or the defendant, LinkedIn Corporation." Am. Compl. ¶ 21.

Google argues that Mr. Errato fails to "set forth the elements of a claim for fraud, let alone with the particularity required by Rule 9(b)[2]." Mot. to Dismiss at 4. In its view, "[t]he only allegations of fraud directed at Google go to the first element – that Google provided 'incorrect and fraudulent' information to American Express." *Id.* at 10 (citing Am. Compl. ¶¶ 17(C), 18). As for the remaining three elements, Google argues that (1) Mr. Errato fails to "allege Google knew of the falsity of the supplied information;" (2) "Errato makes no allegation Google acted to induce him to act;" and (3) Errato "cannot allege that he acted in reliance on any misrepresentation by Google." *Id.* at 10-11.

In response, Mr. Errato argues that, "[i]n order to state a claim against Google, all that is required is to allege facts that Google had substantially the same knowledge of the fraudulent means and purposes of Whitaker." Resp. to Mot. to Dismiss at 7 (citing *Banning. Re/Max at the Lake*, 2014 WL 7272322 (2014) (internal quotation marks omitted).

The Court disagrees.[3]

---

[2] In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally. FRCP 9(b).
[3] At oral argument, counsel for Mr. Errato represented that this fraud claim no longer would be pursued. Nevertheless, for the sake of clarity, given the Court's decision to dismiss this Count with prejudice, the legal analysis to follow this now-abandoned claim is included.

13

Significantly, nowhere in either his filings or in the caselaw relied on by him does Mr. Errato address the relevant standards under both Rule 9 and Rule 12(b)(6) of the Federal Rules of Civil Procedure, and it is this caselaw not state law which govern here. *See Eternity Global Master Fund Ltd. v. Morgan Guaranty Trust Co. of New York,* 375 F.3d 168, 186–87 (2d Cir.2004) ("The particularity requirement of Federal Rule 9(b) applies to state law claims of fraud."); *see also Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938) ("Where a federal court exercises diversity . . . over a state law claim, that court must apply state substantive law and federal procedural law."). Under these applicable legal standards, Mr. Errato's fraud claim against Google fails.

First, Mr. Errato alleges that "[t]he defendant, Google, LLC participated in the perpetration of a fraud against the plaintiff, by virtue of a civil conspiracy with the defendant, David Whitaker and/or American Express and/or the defendant, LinkedIn Corporation." Am. Compl. ¶ 21. But this conclusory statement, is nothing more than a "formulaic recitation of the elements of a cause of action [which] will not do." *Twombley*, 550 U.S. at 555 (internal citations omitted). They are "naked assertion[s]" devoid of "further factual enhancement." *Id*. Without more than these "naked assertions," there is no plausible entitlement to relief against Google on the basis that Google agreed to work with Mr. Whitaker in order to defraud Mr. Errato. *See Iqbal*, 556 U.S. at 679 ("[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss.")

Second, because this is a fraud claim, even if these factual allegations were sufficient – and under the prevailing caselaw, they are not – Mr. Errato also fails to abide by Rule 9's commands and "state with particularity the circumstances constituting fraud or mistake." Fed. R.

14

Civ. P. 9(b). There is nothing in the Amended Complaint that alleges "with particularity" how Google agreed with Mr. Whitaker to defraud Mr. Errato. Indeed, contrary to Mr. Errato's position, under currently Connecticut law, his fraud claim is inadequately plead. *See Asnat Realty, LLC v. United Illuminating Company*, 204 Conn. App. 313, 321 (2021) ("Because specific acts must be pleaded, the mere allegation that a fraud has been perpetuated is insufficient." (internal quotation mark and citations omitted)).[4] Mr. Errato's Complaint fails to state what Google knew about Mr. Whitaker's fraudulent acts specifically with respect to him – as opposed, to some general awareness of Mr. Whitaker's past activities – and as a result, sought to have Mr. Errato act to his detriment. *Cf. id.* at 324-325 ("Indeed, the complaint does not allege that the defendants had any knowledge that Quinnipiac Energy would sell the site to future purchasers at the time of the initial sale. The trial court correctly found that the complaint fails to allege that the defendants' fraudulent conduct was done with the intention or purpose to induce *these* plaintiffs to act to their detriment.").

To the extent that Mr. Errato is alleging that Google did not take sufficient care in exposing or preventing Mr. Whitaker's fraud, that is nothing more than a reformulation of the breach of duty claim rejected above. And that certainly is not a sufficient basis, standing alone, to allege fraud. *See id.* at 327 (Because "no 'special relationship' existed between the parties . . . the plaintiffs' claims regarding the defendants' conduct . . . does not meet the duty requirement necessary for fraudulent nondisclosure.").

Even if this fraud claim is one grounded in misrepresentation, rather than nondisclosure,

---

[4] Significantly, for his argument on this point, Mr. Errato relies principally on a 2014 Connecticut Superior Court decision before the Connecticut Appellate Court's 2021 decision in *Asnat Realty, LLC.*

Mr. Errato's fraud claim still fails. Under Connecticut state law, "[i]n contrast to negligent representation, [a] fraudulent representation . . . is one that is knowingly untrue, or made without belief in its truth, or recklessly made and for the purpose of inducing action upon it . . . This is so because fraudulent misrepresentation is an intentional tort." *Sturm v. Harb Development, LLC*, 298 Conn. 124, 142 (2010) (citing *Kramer v. Petisi*, 285 Conn. 674, 684 n. 9 (2008)) (internal quotation marks omitted). But there is nothing in Mr. Errato's Complaint alleging any statements made by Google that were untrue. As a result, Mr. Errato has failed to plead a viable fraud claim against Google. *See Sturm*, 298 Conn. at 143 ("Nowhere in the seventh count do the plaintiffs allege that the defendant made statements that were knowingly untrue. Because knowledge of falsity is an essential element of a cause of action for fraudulent misrepresentation, and the plaintiffs failed to allege this required element, we conclude that the trial court properly struck the seventh count of the complaint.").

Accordingly, Google's motion to dismiss Count Nine will be granted.

### C. The CUTPA CLAIM

Mr. Errato has conceded, that if the breach of duty and fraud claims are to be dismissed, then his claim under CUTPA also must be dismissed. *See* Opp'n to Mot. to Dismiss at 8 ("The Plaintiff concedes that the CUTPA claim in the TWELFTH COUNT is reliant upon the Court not dismissing each of the claims in the EIGHTH COUNT and NINTH COUNT.").

Accordingly, because, as discussed above, both the breach of duty claim and the fraud claim will be dismissed, Google's motion to dismiss the CUTPA claim, Count Twelve, also will be dismissed.

**D.      Leave to Amend**

Under Federal Rule of Civil Procedure 15(a),

> [a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The district court has broad discretion to decide a motion to amend. *See Local 802, Assoc. Musicians of Greater N.Y. v. Parker Meridien Hotel*, 145 F.3d 85, 89 (2d Cir. 1998).

Reasons for denying leave to amend include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment[.]" *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002) (noting that leave to amend may be denied when amendment is "unlikely to be productive," such as when an amendment is "futile" and "could not withstand a motion to dismiss [under] Fed. R. Civ. P. 12(b)(6)"). "[A] motion for leave to amend a complaint may be denied when amendment would be futile." *Tocker v. Phillip Morris Cos., Inc.*, 470 F.3d 481, 491 (2d Cir. 2006) (citing *Ellis v. Chao*, 336 F.3d 114, 127 (2d Cir. 2003)); *see also Kim v. Kimm*, 884 F.3d 98, 105–06 ("Therefore, because the proposed amendments would have no impact on the basis for the district court's dismissal and would consequently be futile, the district court did not abuse its

discretion in denying [the plaintiff] leave to amend." (citing *Ellis*, 336 F.3d at 127)). As for the breach of duty claim, it will be dismissed with prejudice because Mr. Errato has been unable to identify how there is legal basis for this claim, and there is nothing in the law to suggest that the legal duty sought to be imposed by Mr. Errato on Google exists, for the reasons discussed above. *See Tocker v. Philip Morris Companies, Inc.,* 470 F.3d 481, 491 (2d Cir. 2006) ("[A] motion for leave to amend a complaint may be denied when amendment would be futile.") (citing *Ellis v. Chao*, 336 F.3d 114, 127 (2d Cir.2003)).

As for the fraud claim, because, in addition to the analysis above and Mr. Errato's late-breaking decision to abandon this claim, it also will be dismissed with prejudice. Other than a host of vague assertions in both their filings and at oral argument, there is no indication that Mr. Errato can allege "with particularity" that Google participated in Mr. Whitaker's fraud. And, to the extent that any such fraud claim is nothing more than a reformulation of a breach of duty claim, as discussed above, that fraud claim fails for the same reason that the breach of duty claim fails: the law imposes no such legal duty on Google. *See Asnat Realty, LLC*, 204 Conn. App. at 327 ("Because no 'special relationship" existed between the parties . . . the plaintiffs' claims regarding the defendants' conduct . . . does not meet the duty requirement necessary for fraudulent nondisclosure.").

As for the CUTPA claim, consistent with the discussion above, because neither the breach of duty claim nor the fraud claim will survive, then the dismissal of the CUTPA claim is also with prejudice.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Google's motion to dismiss.

Mr. Errato's claims against Google—Counts Eight, Nine, and Twelve—are dismissed with prejudice.

**SO ORDERED** at Bridgeport, Connecticut, this 16th day of December, 2022.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE
