**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| ROBERT ERRATO,<br>*Plaintiff,*<br><br>v.<br><br>AMERICAN EXPRESS COMPANY, LINKEDIN CORPORATION, GOOGLE, LLC, and DAVID WHITTAKER,<br>*Defendants.* | No. 3:18-cv-1634 (VAB) |

**RULING AND ORDER ON MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**

Robert Errato ("Plaintiff") has sued American Express Company ("American Express"), LinkedIn Corporation ("LinkedIn"), Google, LLC ("Google"), and David Whitaker (collectively, "Defendants"), alleging multiple state law causes of action arising from $600,000 in charges that allegedly were placed on his credit card account.[1] Compl., ECF No. 1-1 (Sept. 28, 2018); Am. Compl., ECF No. 31 (Nov. 13, 2018) ("Am. Compl.").

Following the conclusion of the arbitration between Mr. Errato and American Express and joint stipulation of dismissal, with prejudice, of Mr. Errato's claims against American Express, *see* Joint Stip. for Dismissal of Compl. as to Def., American Express Company, ECF No. 69 (June 21, 2021), Mr. Errato moved to reopen the case and lift the stay of proceedings as to the remaining Defendants, *see* Mot. to Reopen and Lift Stay of Proceedings, ECF No. 70

[1] On September 28, 2018, American Express removed Mr. Errato's action to this Court under 28 U.S.C. §§ 1332, 1441, and 1446. *See* Notice of Removal, ECF No. 1 (Sept. 28, 2018). This Court has original subject matter jurisdiction over the action, as there is complete diversity of citizenship between Mr. Errato and Defendants and the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs. *Id.*

(June 25, 2021) ("Mot. to Reopen"). The Court thereafter granted Mr. Errato's motion. *See* Order, ECF No. 91 (March 11, 2022).

Mr. Whitaker filed a motion for judgment on the pleadings and to dismiss with prejudice all claims raised against him by Mr. Errato. *See* Mot. for J. on the Pleadings of Def. David Whitaker, ECF No. 80 (Aug. 12, 2021); Mem. in Supp. of Mot. for J. on the Pleadings of Def. David Whitaker, ECF No. 80-1 (Aug. 12, 2021) ("Mot. for J. on the Pleadings").

LinkedIn renewed its previously filed motion to dismiss all claims asserted against it by Mr. Errato. *See* LinkedIn Corp.'s Renewed Mot. to Dismiss.

The Court thereafter granted Mr. Whitaker and LinkedIn's motions. *See* Order, ECF No. 92 (March 11, 2022) ("MTD Order").

Google renewed its previously filed motion to dismiss all claims asserted against it by Mr. Errato. *See* Google, LLC's Mot. to Dismiss, ECF No. 93 (Mar. 18, 2022).

The Court thereafter granted Google's motion to dismiss. *See* Order, ECF No. 100 (December 16, 2022).

Mr. Errato filed a motion for leave to file an amended complaint against Google and LinkedIn. *See* Mot. for Leave Amend. Compl., ECF No. 92 (April 13, 2022).

For the foregoing reasons, Mr. Errato's motion for leave to file an Amended Complaint is **DENIED**.

Mr. Errato's claims against LinkedIn—Counts Ten, Eleven, and Twelve—are dismissed with prejudice.

Mr. Errato's claims against Google—Counts Eight, Nine, and Twelve—have already previously been dismissed with prejudice.

To the extent Mr. Errato wishes to file another pleading against Google on the basis of a breach of contract claim, any such amended pleading must be filed by **December 30, 2022**, and if any such filing is frivolous, the Court will consider whether the imposition of sanctions is appropriate.

If no such amended pleading is filed by **December 30, 2022**, this case will be closed.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. Factual Allegations

Mr. Errato allegedly is a holder of an American Express Platinum Card "bearing account number ending in 6005." Am. Compl. at 2, ¶ 9. In addition, he allegedly holds an American Express Business Gold Card bearing account number ending in 5005, an American Express Business Gold Card ending in 6003, an American Express Platinum Card ending in 7001 and/or 7003, and another American Express Platinum Card ending in 8001. *Id.* at 2–3, ¶¶ 10–13.

Mr. Errato alleges that, beginning in September 2014 and continuing through 2016, more than $600,000 in "unauthorized and/or fraudulent charges" were made to his American Express cards by ISODOC, Inc., doing business as ISO Developers, or by its principals, agents, or employees. *Id.* at 3, ¶ 15.

Mr. Errato alleges that he properly disputed the charges "pursuant to the terms of the Cardmember Agreements" with American Express and that American Express carried out an investigation. *Id.* at 3, ¶¶ 16–17. The investigation into the disputed charges allegedly revealed that "the principal of ISODOC, [Mr. Whitaker], was a convicted felon who was convicted for crimes pertaining to fraud and other crimes involving moral turpitude." *Id.* at 3, ¶ 17.

Mr. Errato alleges that the investigation also revealed that "ISODOC and/or Mr. Whitaker charged $41,000.00 to Google AdWords," which Mr. Errato had neither authorized nor personally communicated to Google. *Id.* at 3–4, ¶ 17.

According to Mr. Errato, when American Express investigated the Google AdWords charge, Google presented it with "documentation stating that [Mr. Errato] was 'Project Manager' of ISO Developers, as well as a LinkedIn profile listing [Mr. Errato] as 'Project Manager ISO Developers.'" *Id.* American Express then allegedly claimed that Google's information substantiated that the charges were authorized. *Id.*

Mr. Errato alleges that Google's information was false, and that he was not, and is not, affiliated with ISO Developers. *Id.* He alleges that he "was never employed by [ISO Developers], has never set up a LinkedIn [a]ccount, and was not aware that any LinkedIn [a]ccount in his name had ever been created." *Id.*

He alleges that upon learning of the LinkedIn profile, he "immediately notified LinkedIn of the presence of [the allegedly] false profile." *Id.* at 11, ¶ 20. LinkedIn allegedly "refused to delete the false profile and/or to notify Google and/or American Express that [the] profile should not be relied up as truthful or accurate." *Id.* at 11, ¶ 21.

Mr. Errato alleges that "[h]undreds of [t]housands of [a]dditional unauthorized charges for personal purchases such as clothing, event tickets, gym memberships, advertising [] services, computers, and technology equipment were all fraudulently charged to [his] two [American Express] accounts by ISODOC, David Whitaker and/or its principals or employees," for which Mr. Errato "never received any product or benefit." *Id.* at 4, ¶ 17.

According to Mr. Errato, Mr. Whitaker represented to American Express "that such charges were legitimate and authorized by [Mr. Errato]" in order to "induce American Express to honor the charges." *Id.* at 7–8, ¶ 21.

### B. Procedural Background

The Court assumes familiarity with the early procedural background of this case. *See* Ruling and Order on Mot. to Compel Arbitration and Stay All Proceedings, ECF No. 68 (Aug. 23, 2019).

On June 21, 2021, Mr. Errato and American Express filed a joint stipulation of dismissal, with prejudice, of the Complaint against American Express. Joint Stip. for Dismissal of Compl. as to Def., American Express Company, ECF No. 69 (June 21, 2021). The joint stipulation states that Mr. Errato and American Express have concluded their arbitration and resolved all issues between the two parties. *Id.*

On June 25, 2021, Mr. Errato filed a motion to reopen the case and lift the stay of proceedings as to the remaining Defendants. *See* Mot. to Reopen.

On July 16, 2021, LinkedIn filed a response to Mr. Errato's motion to reopen the case. *See* LinkedIn Corp.'s Resp. to Pl.'s Mot. to Reopen, ECF No. 71 (July 16, 2021). LinkedIn took no position regarding the merits of Mr. Errato's request to reopen the proceedings, but requested that the Court rule on its previously filed motion to dismiss. *Id.* at 1.

On August 12, 2021, Mr. Whitaker filed a motion for judgment on the pleadings. *See* Mot. for J. on the Pleadings.

On August 13, 2021, LinkedIn renewed its previously filed motion to dismiss all claims asserted against LinkedIn. *See* LinkedIn Corp.'s Renewed Mot. to Dismiss, ECF No. 81 (Aug. 13, 2021); *see also* LinkedIn Corp.'s Mot. to Dismiss, ECF No. 39 (Dec. 7, 2018); LinkedIn

Corp.'s Mem. of Law in Supp. of Mot. to Dismiss, ECF No. 39-1 (Dec. 7, 2018) ("Mot. to Dismiss").

On September 2, 2021, Mr. Errato filed an objection to Mr. Whitaker's motion for judgment on the pleadings. *See* Obj. to Mot. for J. on the Pleadings, ECF No. 82 (Sept. 2, 2021); Mem. in Supp. of Obj. to Mot. for J. on the Pleadings, ECF No. 83 (Sept. 2, 2021) ("Opp'n to Mot. for J. on the Pleadings").

On September 3, 2021, Mr. Errato filed a renewed objection to LinkedIn's renewed motion to dismiss. *See* Robert Errato's Renewed Obj. to Mot. to Dismiss Filed by LinkedIn Corp., ECF No. 84 (Sept. 3, 2021); *see also* Pl.'s Resp. and Obj. to Mot. to Dismiss Filed by Def. LinkedIn Corp., ECF No. 54 (Jan. 11, 2019); Mem. of Law in Supp. of Pl.'s Resp. and Obj. to Mot. to Dismiss Filed by Def. LinkedIn Corp., ECF No. 55 (Jan. 11, 2019) ("Opp'n to Mot. to Dismiss").

On September 10, 2021, Mr. Whitaker filed a reply in support of his motion for judgment on the pleadings. *See* Reply in Further Supp. of Mot. for J. on the Pleadings of Def. David Whitaker, ECF No. 85 (Sept. 10, 2021) ("Reply in Supp. of Mot. for J. on the Pleadings").

On September 13, 2021, LinkedIn filed a reply in support of its motion to dismiss. *See* LinkedIn Corp.'s Reply in Supp. of Mot. to Dismiss, ECF No. 86 (Sept. 13, 2021) ("Reply in Supp. of Mot. to Dismiss").

On March 11, 2022, the Court granted Mr. Errato's motion to reopen the case and lift the stay of proceedings as to the remaining defendants. *See* Order, ECF No. 91 (March 11, 2022).

On March 11, 2022, the Court granted Mr. Whitaker's motion for judgement on pleadings and LinkedIn's motion to dismiss. *See* MTD Order.

On March 18, 2022, Google renewed its previously filed motion to dismiss all claims

asserted against Google. *See* Google, LLC.'s Renewed Mot. to Dismiss, ECF No. 93 (Mar. 18, 2022); *see also* Google, LLC.'s Mot. to Dismiss, ECF No. 40 (Dec. 7, 2018); Google, LLC.'s Mem. of Law in Supp. of Mot. to Dismiss, ECF No. 40-1 (Dec. 7, 2018) ("Mot. to Dismiss").

On April 8, 2022, Mr. Errato filed a renewed objection to Google's renewed motion to dismiss. *See* Robert Errato's Renewed Obj. to Mot. to Dismiss Filed by Google, LLC., ECF No. 94 (April 08, 2022); *see also* Pl.'s Resp. and Obj. to Mot. to Dismiss Filed by Def. Google, LLC., ECF No. 52 (Jan. 11, 2019); Mem. of Law in Supp. of Pl.'s Resp. and Obj. to Mot. to Dismiss Filed by Def. Google, LLC., ECF No. 53 (Jan. 11, 2019) ("Opp'n to Mot. to Dismiss").

On April 13, 2022, Mr. Errato filed a motion for leave to file an amended complaint against Google and LinkedIn. *See* Robert Errato's Mot. for Leave to file an Amended Complaint, ECF No. 95 (April 13, 2022); *see also* Robert Errato's Proposed Amend. Compl., Pl. Mem. Of Law in Supp. Of Pl. Mot. for Leave to File Amended Complaint, ECF No. 95-2 ("Mot. for Leave").

On April 27, 2022, LinkedIn filed a response to Mr. Errato's motion for leave to file an amended complaint. *See* LinkedIn Corp.'s Response to Motion for Leave to file an Amended Complaint, ECF No. 97 (April 27, 2022) ("Resp. to Mot. for Leave").

On December 14, 2022, the Court held a hearing on these motions. *See* Min. Entry, ECF No. 99 (Dec. 14, 2022).

On December 16, 2022, the Court thereafter granted Google's motion to dismiss, dismissing all of the claims against Google with prejudice. *See* Order, ECF No. 100 (December 16, 2022) ("Google MTD Order").

## II. STANDARD OF REVIEW

Under Rule 15 of the Federal Rules of Civil Procedure, after the time for amending as a matter of course has passed, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2); *see Rose v. City of Waterbury*, No. 3:12-cv-00291 (VLB), 2013 WL 3967649, at *2 (D. Conn. July 31, 2013) ("[A] plaintiff may not amend its complaint at will."). In addition, in this District, any motion for leave to amend a pleading under Rule 15(a) shall:

> (1) Include a statement of the movant that: (i) the movant has inquired of all non-moving parties and there is agreement or objection to the motion; or (ii) despite diligent effort, including making the inquiry in sufficient time to afford non-movant a reasonable opportunity to respond, the movant cannot ascertain the position(s) of the non-movant(s), and (2) in cases in which the movant is represented by counsel, be accompanied by both a red-lined version of the proposed amended pleading showing the changes proposed against the current pleading and a clean version of the proposed amended pleading.

D. Conn. L. Civ. R. 7(f).

Amended pleadings filed without an opposing party's consent or leave of court may be dismissed. *See Kopperl v. Bain*, No. 3:09-CV-01754 (CSH), 2016 WL 310719, at *5 (D. Conn. Jan. 26, 2016) (dismissing a fourth amended complaint because, *inter alia*, "Plaintiff has not been given leave to replead these counts"); *see also Rose*, 2013 WL 3967649, at *2 (finding that "where a party files an amended complaint where leave or consent is required and no leave or consent has been given, the complaint has no legal force or effect"). And proposed amended pleadings lacking the detail and clarity required by this District's Local Rules especially warrant dismissal. *Cf. Gorham-DiMaggio v. Countrywide Home Loans, Inc.*, 421 F. App'x 97, 101 (2d Cir. 2011) (affirming denial of leave to amend where proposed amendment consisted of "word-for-word reiterations of pleadings already dismissed by the district court").

## III. DISCUSSION

### A. The Failure to Seek Leave of Court

Mr. Errato moves for leave to file an Amended Complaint against LinkedIn and Google. He argues that "fil[ing] the Amended Complaint would serve justice and promote judicial efficiency." Mot. for Leave at 4. Additionally, in the Amended Complaint, "[Mr. Errato] alleges that LinkedIn is victimized by millions of fake or fraudulent accounts, and that LinkedIn advertises and promotes a multi-tiered computer and human investigative model to its claimed commitment to eliminate fake accounts." *Id.* Mr. Errato also notes "that the factual allegations in the Amended Complaint constitute a de facto participation in the publication of fake and injurious conduct, eliminating the protections intended by the Communications Decency Act ("CDA")." *Id.*

LinkedIn does not contest Mr. Errato's motion for to leave to file the Amended Complaint, although it notes that Mr. Errato "fails address the prior deficiencies in their complaint." Resp. to Mot. for Leave at 1. Moreover, LinkedIn argues that it "previously identified multiple substantial grounds for dismissal as to each of Plaintiff's claims against LinkedIn, including that (1) Plaintiff's claims are barred by the Communications Decency Act, 47 U.S.C. § 230(c); (2) Plaintiff has failed to allege a plausible negligence or CUTPA claim; and (3) Plaintiff has failed to plead a fraud claim with particularity." *Id.* LinkedIn argues that "given that the language of the Proposed Amended Complaint fails to address these deficiencies, it remains fatally flawed." *Id.*

The Court agrees.

As a procedural matter, Mr. Errato should have abided by Local Rule 7(f) and accompanied the motion with both "a redlined version of the proposed amended pleading

showing the changes proposed against the current pleading and a clean version of the proposed amended pleading." *Sardarian v. Fed. Emergency Mgmt. Agency*, No. 3:19-CV-910 (CSH), 2020 WL 241272, at *2 (D. Conn. Jan. 16, 2020) (quoting D. Conn. L. Civ. R. 7(f)). Moreover, Mr. Errato ignored the express language of Rule 7(f) as well as Rule 15(a) of the Federal Rules of Civil Procedure by failing to provide clarity about how the proposed amendments remedy the legal deficiencies carefully laid out by the Court in its earlier ruling. *See Bellikoff v. Eaton Vance Corp.*, 481 F.3d 110, 118 (2d Cir. 2007) ("Leave to amend is especially inappropriate where, as here, plaintiffs' proposed amendments merely recycled versions of claims which had already fallen victim to a motion to dismiss.").

As a result, in this limited circumstance—and without reaching the issue of whether denial on this basis alone is always required—denial of the motion for failure to seek leave to amend on this basis alone is appropriate, as a "reasonable response to the problems and needs confronting the court's fair administration of justice . . . [and not] contrary to any express grant of or limitation on the district court's power contained in a rule or statute." *Dietz v. Bouldin*, 579 U.S. 40, 45 (2016) (citations and internal quotation marks omitted).

Accordingly, for failure to appropriately follow Local Rule 7(f) and Rule 15(a) of the Federal Rules of Civil Procedure, Mr. Errato's motion for leave to file an amended complaint will be denied.

### B. The Continued Failure to State a Claim against LinkedIn

Even if the Court granted Mr. Errato leave to file the Amended Complaint, the claims against LinkedIn would not have survived this Court's substantive review.

In this Court's previous Ruling and Order, the Amended Complaint against LinkedIn failed mainly because the Communications Decency Act ("CDA") preempted any of Mr.

Errato's state law claims. The proposed amended pleading filed by Mr. Errato alleges no new facts to remedy these deficiencies.

First, on the CDA preemption issue, Mr. Errato's previously dismissed claims were premised on LinkedIn's alleged "fail[ure] and refus[al] to remove or delete [LinkedIn] profiles once its attention had been brought to the fact that such profiles were false, fictitious and phony." MTD Order at 21 (citing Am. Compl. at 11, ¶ 22). But, as this Court held, the CDA preempted these claims.

First, the Court noted that, under the CDA, preemption "is express: 'No cause of action may be brought, and no liability may be imposed under any State or local law that is inconsistent with this section.'" *Id.* at 16 (quoting *Ricci v. Teamsters Union Loc. 456*, 781 F.3d 25, 27 (2d Cir. 2015), and 47 U.S.C. § 230(e)(3).

Second, the Court noted the three-part test for determining whether the CDA protects LinkedIn's alleged conduct: "if the defendant (1) is a provider or user of an interactive computer service, (2) the claim is based on information provided by another information content provider, and (3) the claim would treat [the defendant] as the publisher or speaker of that information." *Id.* at 16–17 (quoting *Fed. Trade Comm'n v. LeadClick Media, LLC*, 838 F.3d 158, 173 (2d Cir. 2016)) (other citation and internal quotation marks omitted). And that preemption can be applied at the motion to dismiss stage "if the statute's barrier to suit is evident from the face of the complaint." *Id.* at 17 quoting *Ricci*, 781 F.3d at 28.

Third the Court applied this three-part test to Mr. Errato's claims against LinkedIn, finding no "dispute" as to the application of the first factor, *id.* at 19 ("There is no dispute that LinkedIn qualifies as an interactive computer service under the CDA (citations and footnotes omitted)), and that, "based on Mr. Errato's allegations, LinkedIn did not 'develop' the content of

the alleged fictitious profile, [and thus] LinkedIn satisfies the second 'component part' of Section 230(c)(1)." *Id.* at 20. As to the third and final element, Mr. Errato's alleged conduct "f[ell] within the heartland of what it means to be the 'publisher' of information under § 230(c)(1)." *Id.* (citing *Force v. Facebook, Inc.*, 934 F.3d 53, 65 (2d Cir. 2019)); *see also Herrick v. Grindr LLC*, 765 F. App'x 586, 590 (2d Cir. 2019) (manufacturing and design defect claims seeking to hold the defendant liable for its failure to combat or remove offensive third-party content were "barred by § 230"); *LeadClick Media*, 838 F.3d at 174 (acting as the "publisher" under § 230(c)(1) includes the decision whether to "withdraw" content).

And to the extent that Mr. Errato alleged that LinkedIn had some good faith requirement to act differently, the Court cited caselaw to the contrary: "that Section 230(c)(1) does not contain a good faith or intent requirement, as Section 230(e)(2) 'expressly provides for a good faith requirement and such requirement is omitted from Section 230(c)(1).'" *Id.* at 21–22 (quoting *Poole v. Tumblr, Inc.*, 404 F. Supp. 3d 637, 642 (D. Conn. 2019) (internal quotation marks and citations omitted). As a result, Mr. Errato showed no basis under the law for his state law claims surviving preemption under the CDA.

Nevertheless, in his proposed amended pleading, Mr. Errato still maintains that LinkedIn is not barred by the CDA from the alleged claims of negligence and fraud brought by Mr. Errato. *See* Mot. for Leave at 4 ("LinkedIn is victimized by millions of fake or fraudulent accounts, and that LinkedIn advertises and promotes a multi-tiered computer and human investigative model to its claimed commitment to eliminate fake accounts."). Mr. Errato alleges that "[s]uch advertisement and promotion is a falsehood inasmuch as the fake account has never been removed nor have any warnings been posted on such account of potential harmful content, all in contravention of LinkedIn's own express representations. *Id.*

In its response, LinkedIn notes that it "previously identified multiple substantial grounds for dismissal as to each of Plaintiff's claims against LinkedIn." Resp. to Mot. for Leave at 1. And "[g]iven that the language of the Proposed Amended Complaint fails to address these deficiencies, it remains fatally flawed." *Id.* Under the CDA, "[n]o cause of action may be brought and no liability may be imposed under any State or local law that is inconsistent with this section." 47 U.S.C. § 230(e)(3).

The Court agrees.

There is nothing in Mr. Errato's proposed Amended Complaint to suggest that any of the already identified deficiencies have been remedied. Significantly, in his memorandum of law in support of leave to amend, Mr. Errato does not even suggest that the application of the CDA's three-part test would come out differently, or cite to any caselaw supporting such a result.[2]

Accordingly, Mr. Errato's proposed amended complaint, would have been dismissed, even if he had properly sought leave.

**C. The Continued Failure to State a Claim against Google**

Even if the Court granted Mr. Errato leave of Court to file the Amended Complaint, the claims against Google would not have survived this Court's substantive review.

As stated in the recently filed Ruling and Order by this Court, all of the claims against Google in the previous Complaint, claims of breach of duty, fraud, and CUTPA, were dismissed

---

[2] Mr. Errato alleged that LinkedIn (1) breached a duty of reasonable care to Mr. Errato by allowing unverified individuals to establish LinkedIn profiles on its website without investigation of any kind as to the truthfulness or accuracy of the information contained therein, and by failing to remove the allegedly false LinkedIn profile from its website (Count Ten), Am. Compl. at 11, ¶ 22; and (2) "participated in the perpetration of a fraud against Mr. Errato through a civil conspiracy with Mr. Whitaker, American Express, and/or Google (Count Eleven)." MTD Order at 17 (citations and internal quotation marks omitted). Because these two claims of negligence and fraud fail as a result of preemption under the CDA, Mr. Errato's remaining claim against LinkedIn, one under CUTPA, also fails, as even Mr. Errato concedes. *See* MTD Order at 22, note 8 ("As Mr. Errato concedes, if Counts Ten and Eleven are dismissed, then his Connecticut Unfair Trade Practices Act claim in Count Twelve also must be dismissed.").

with prejudice. As a result, they cannot be revived in this pleading. *See* Google MTD Order at 19.

In this proposed Amended Complaint, Mr. Errato does allege a "cause of action grounded in contract on account of Google, LLC's failure to refund charges for goods and services never received by the plaintiff and never authorized by the plaintiff." Mot. for Leave at 3. But there is nothing in the motion for leave, or in the supporting memorandum of law explaining how there could be a viable breach of contract claim against Google as a matter of law. And, as a result of Mr. Errato's failure to follow the applicable procedural rules, as discussed above, this claim too will be dismissed.

Accordingly, there is no basis for granting leave to amend the Complaint, based on any of the claims against Google.

**D. Further Leave to Amend**

Under Federal Rule of Civil Procedure 15(a),

> [a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The district court has broad discretion to decide a motion to amend. *See Loc. 802, Associated Musicians of Greater N.Y. v. Parker Meridien Hotel*, 145 F.3d 85, 89 (2d Cir. 1998).

As to LinkedIn, having already given Mr. Errato an opportunity to amend his pleading once, and having failed to do so properly or without futility, the Court will deny any further

opportunities to amend, and will dismiss the claims against LinkedIn with prejudice. *See, e.g.*, *Lindsay v. Finke*, No. 3:17-CV-01771 (JCH) (SALM), 2018 WL 11461922, at *3 (D. Conn. Apr. 19, 2018) ("Where a plaintiff has had multiple opportunities to amend the pleadings and still fails to state a claim, however, dismissal with prejudice of claims that remain lacking is appropriate."); *Appiah v. Home Depot U.S.A, Inc*., No. 3:20-CV-00489 (VLB), 2020 WL 6263544, at *6 (D. Conn. Oct. 23, 2020) ("Plaintiffs have had multiple opportunities to amend the Complaint . . . and have failed to put forth a proper basis on which the Court could have granted their motions.").

As to Google, the Court already has dismissed any breach of duty, fraud, and CUTPA claims with prejudice. As for the recently alleged breach of contract claim against Google, if Mr. Errato can plausibly allege such a claim, one distinguishable from its already dismissed breach of duty claim, Mr. Errato may seek leave once again to file an amended pleading with that claim and that claim only against Google by **December 30, 2022**.

Mr. Errato is forewarned, however, if this proposed contract claim lacks merit—as the Court suspects it does—then the Court will consider whether this claim is brought in good faith and determine whether sanctions against Mr. Errato, his counsel, or both should be imposed. *See, e.g.*, Fed. R. Civ. P. 11(b) ("By presenting to the court a pleading, written motion, or other paper . . . an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances [that, among other things] . . . the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law . . . ."); *Shafii v. Brit. Airways, PLC,* 83 F.3d 566, 571 (2d Cir. 1996) ("A district court may, in its discretion, impose sanctions against litigants who abuse the judicial process.").

## IV. CONCLUSION

For the foregoing reasons, Mr. Errato's motion for leave to file an Amended Complaint is **DENIED**.

Mr. Errato's claims against LinkedIn—Counts Ten, Eleven, and Twelve—are dismissed with prejudice. Mr. Errato's claims against Google—Counts Eight, Nine, and Twelve—have already previously been dismissed with prejudice.

To the extent Mr. Errato wishes to file another pleading against Google on the basis of a breach of contract claim, any such amended pleading must be filed by **December 30, 2022**, and if any such filing is frivolous, the Court will consider whether the imposition of sanctions is appropriate.

If no such amended pleading is filed by **December 30, 2022**, this case will be closed.

**SO ORDERED** at Bridgeport, Connecticut, this 16th day of December, 2022.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE